John DOE

v.

BOROUGH OF CLIFTON HEIGHTS, et al.

Civ. A. No. 88–8562.

United States District Court, E.D. Pennsylvania.

Sept. 14, 1989.

Eric B. Schnurer, Philadelphia, Pa., for plaintiff.

Matthew S. Donaldson, Jr., Media, Pa., for defendants, Delaware County Prison, Delaware County Board of Prison Inspectors and Richard Roe # 2 and Borough of Clifton Heights, Police Corporal Robert Keates, Police Officer Zimath, and Robert Roe # 1.

## MEMORANDUM

KATZ, District Judge.

On November 14, 1987, police officers arrested plaintiff John Doe, a juvenile. Plaintiff stated that he was a juvenile and provided the officers with a Pennsylvania Personal Identification Card confirming his juvenile status. Arresting officers Keates and Zimath questioned plaintiff repeatedly about his date of birth; at one point, plaintiff "fumbled."

Plaintiff informed the arresting officers that he had a valid Pennsylvania driver's license, but did not have the license with him. When Officer Keates ran a computer search for the license, he discovered a valid license under the same name as plaintiff's, but which bore an adult date of birth. This driver's license contained a different street address than the one shown on plaintiff's identification card, but Officer Keates was informed (incorrectly) that the two addresses were in the same area. Keates did not consider plaintiff's identification card reliable, and his experience led him to believe that an individual using a false address typically chooses one from his own neighborhood. Taking the conflicting information into account, Keates incorrectly determined that plaintiff was an adult. Plaintiff was incarcerated with adult offenders for approximately 60 hours.

In this action, plaintiff brings four distinct claims against the arresting officers, the municipality of Clifton Heights and the Delaware County Prison. Plaintiff claims that defendants' actions violated: (1) his federal statutory rights under the Juvenile Justice and Delinquency Prevention Act and the Juvenile Justice Act, 42 U.S.C. § 5633(a)(12)–(14), which prohibit states from incarcerating juveniles in the same facility as adults except under limited circumstances; (2) his substantive due process rights; (3) his procedural due process rights; and (4) his eighth amendment right to be free from assault by fellow prisoners.

*The Municipal Defendants: Borough of Clifton Heights and Delaware County Prison*

■ Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue of material fact....'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As the Supreme Court recently stated, "our first inquiry in any case alleging municipal liability under § 1983 is the question of whether there is a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, — U.S. —, —, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). Here, the record contains no evidence of any municipal policy or custom, formal or informal, of incarcerating juveniles with adult offenders. The experience of John Doe appears to have been an isolated incident. As a result, this Court must grant summary judgment in favor of the municipal defendants on all of plaintiff's claims.

*The Individual Defendants: Corporal Robert Keates and Officer Zimath*

1. Plaintiff's constitutional due process claims

■ To succeed on his substantive and procedural due process claims, plaintiff must demonstrate that defendants were more than merely negligent. I find that plaintiff has failed to do so.

As discussed *supra*, when officers Keates and Zimath arrested plaintiff they were presented with information which in-

dicated that plaintiff was a juvenile. Further investigation based on plaintiff's claim that he had a valid driver's license, however, indicated that plaintiff was in fact an adult. Faced with this situation, defendants determined, incorrectly, that plaintiff was an adult.

Defendants were negligent in determining that plaintiff was an adult. The best course of action for the arresting officers to follow would have been to proceed on the assumption that plaintiff was a juvenile, pending further investigation. Such action would have prevented the tragic mistake which was made in this case. However, the officers did make some attempts to verify plaintiff's age, and the record contains no evidence that their actions constituted more than mere negligence. As a result, plaintiff's claim that the individual officers violated his due process rights must fail.

### 2. Plaintiff's Eighth Amendment Claim

■The Eighth Amendment provides prisoners with the right to be free from attacks by fellow inmates. *Riley v. Jeffes*, 777 F.2d 143 (3d Cir.1985). To succeed in this claim, however, plaintiff must demonstrate that officials have shown "deliberate indifference" to his safety. *Id.* As discussed *supra*, the actions of the named individual defendants were merely negligent; thus, plaintiff's eighth amendment claim also must fail.

### 3. Plaintiff's federal statutory claim

Section 1983 provides not only a private right of action for constitutional violations, but also for certain "claims based on purely statutory violations of federal law" by state actors. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). To recover for such a statutory violation, plaintiff must demonstrate that the federal statute in question creates an enforceable right. *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 101 S.Ct.

1531, 67 L.Ed.2d 694 (1981) (*"Pennhurst I"*).

■ The Supreme Court has held that where a statute creates an entitlement program, a private right enforceable under § 1983 exists. *Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555. In contrast, where a statute "does no more than express a congressional preference for certain kinds of treatment," no private enforceable right exists. *Pennhurst I*, 451 U.S. at 19, 101 S.Ct. at 1541. The Juvenile Justice and Delinquency Prevention Act (the "Act"), 42 U.S.C. § 5633(a)(12)–(14), provides that in order to obtain the federal funding made available under the Act, a state must not incarcerate juveniles in any institution in which they would have regular contact with adults.[1] In enacting subsections 12 through 14 of the Act, Congress conferred a particular benefit on a distinct class: the class of juvenile detainees. *Hendrickson v. Griggs*, 672 F.Supp. 1126, 1135 (N.D. Iowa 1987). I find that "the benefits Congress intended to confer on [juveniles] are sufficiently specific and definite to qualify as enforceable rights," *Wright v. Roanoke Redev. & Housing Authority*, 479 U.S. 418, 432, 107 S.Ct. 766, 775, 93 L.Ed.2d 781 (1987), and the Act creates a private right of action under § 1983.

I cannot, however, find that in enacting this statute Congress intended to extend this private right of action to cover suits against individual arresting officers such as defendants Keates and Zimath. The Act simply sets forth the prerequisites with which state agencies must comply to obtain certain federal funds. As a result, I find that Congress intended to provide a private right of action only against state and/or local agencies eligible for funding under the Act.[2]

■ Moreover, even if the Act did create a private right of action against individual police officers within the meaning of Section 1983, defendants Keates and Zimath

---

**1.** The statute contains limited exceptions not relevant here.

**2.** As discussed *supra*, plaintiff has failed to submit evidence regarding a government policy. As a result, plaintiff cannot succeed in a claim against the municipal defendants.

are protected from liability by a qualified immunity. Qualified immunity is available unless the official "knew or reasonably should have known" that his actions would violate the plaintiff's rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). Here, the question of whether the Act creates a right in favor of individual plaintiffs is a difficult one. The answer is not one that individual officers reasonably should have known.

An appropriate order follows.

## JUDGMENT

AND NOW, this 13th day of Sept., 1989, upon consideration of plaintiff's Motion for Summary Judgment and the responses of defendants, JUDGMENT is hereby ENTERED in favor of defendants and against plaintiff.